UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NADEZHDA KAZANTSEVA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: C08-206 CRD<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

　　　　Plaintiff Nadezhda Kazantseva appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied her application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act ("SSA" or the "Act"), 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

I. FACTS AND PROCEDURAL HISTORY

　　　　Plaintiff is a fifty-two-year-old female, forty-six years old at the alleged disability onset date. She has a high school education in the Ukraine and has work experience as a cleaner, laborer, tool crib attendant, and order clerk.

　　　　Plaintiff applied for SSI in November 2004 alleging disability since March 2002. Her claim was denied initially and upon reconsideration, and she timely requested an ALJ hearing. On January 24, 2007, a *de novo* hearing was held before ALJ Belli. The ALJ heard testimony from Plaintiff, who was represented by counsel, Beverly Losey, Esq., and a vocational expert.

ORDER - 1

Plaintiff testified through a Russian interpreter. Administrative Record ("AR") at 430-42. The ALJ rendered an unfavorable decision on March 22, 2007. Plaintiff requested review by the Appeals Council and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On February 14, 2008, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Ms. Kazantseva bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are

of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR 30, Finding 1. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case, the ALJ found Plaintiff has the severe impairments of "back pain due to spondylolisthesis of L5-S1 with pars defect and foraminal narrowing without neurogenic claudication, left hip bursitis, obesity, and diabetes mellitus II." AR 30, Finding 2. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id*. In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairment. AR 30, Finding 3.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER - 3

residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  The ALJ in this case found Plaintiff:

> [H]as the residual functional capacity to perform a full range of light work activity on a sustained basis.  Light work includes the ability to stand, walk and sit for at least six hours in an eight-hour work period with regular break opportunities, and lift 20 pounds occasionally and ten pounds frequently. (Social Security Ruling 83-10).

AR 31, Finding 5.

The ALJ next found that Plaintiff could perform her past relevant work as a warehouse handler and records keeper (order clerk).  AR 31, Finding 6.  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded.  In this case, the ALJ found that Plaintiff could perform her past relevant work at step four and therefore concluded Plaintiff was not disabled as defined in the SSA.  AR 31.

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Did the ALJ err in assessing the medical evidence?
2. Did the ALJ err in assessing Plaintiff's credibility?
3. Did the ALJ err in determining Plaintiff's residual functional capacity?
4. Did the ALJ err in concluding Plaintiff could perform her past work?
5. Did the ALJ err in not reaching step five?

Dkt. No. 15.

///

## VI. DISCUSSION

*A.    The ALJ did not err in assessing the medical evidence.*

Plaintiff argues that the ALJ erred in rejecting the opinions of Dr. Thom, Dr. Ortega and Dr. Santos, in finding that depression, headaches, breathing problems, and foot problems are not among Plaintiff's severe impairments at step two. Plaintiff argues the ALJ's failure to consider these problems severe is not supported by several medical opinions. To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 31 (9th Cir.1995); *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.* The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes*, 881 F.2d at 751 (internal citations omitted).

<u>Psychological Impairment Evidence</u>

Dr. Thom, a psychiatric consultative examiner, examined Plaintiff on one occasion in May 2005. AR 222-25. Dr. Thom diagnosed Plaintiff with depression not otherwise specified and found she would be able to understand, remember and carry out simple and repetitive tasks such as a three-step command. AR 225. Dr. Thom noted her mood was "mildly depressed." AR 224. Dr. Thom assigned Plaintiff a Global Assessment Functioning ("GAF") score of 41.[2] The ALJ gave no weight to Dr. Thom's assessment of Plaintiff's functional limitations because he believed such a low GAF score was inconsistent with Dr. Thom's normal mental status examination findings. AR 28. The ALJ believed Dr. Thom's opinion was speculative, based on Plaintiff's subjective complaints, and not supported by clinical findings. The ALJ also found it

---

[2] A GAF score of 41 to 50 indicates serious symptoms, e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting or any serious impairment in social occupational, or school functioning, e.g., having no friends, inability to keep a job. American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders 34(4th ed. Text revision 2000) (DSM-IV-TR).

problematic that Dr. Thom did not explain how he arrived at the low GAF score despite the relatively normal findings.

The parties dispute whether the higher "clear and convincing" or the lower "specific and legitimate" standard should apply to the ALJ's rejection of Dr. Thom's opinion. The reviewing psychologists noted a history of depression but found no evidence of a severe mental impairment or functional limitations. AR 193-205. Dr. Thom's diagnosis of depression with the low GAF of 41 appears in contradiction with the earlier assessors who found no severe mental impairment. The reviewing physicians noted that Plaintiff's depression was well-controlled with medication and noted that her activities of daily living "demonstrate that she is a highly functioning adult with no severe sxs [symptoms] of depression." AR 205. The Court finds the ALJ provided specific and legitimate reasons for rejecting Dr. Thom: the ability to perform simple and repetitive tasks rings inconsistent with the low GAF score and the finding that Plaintiff was unable to work at that time. However, that Dr. Thom found Plaintiff capable of performing some tasks supports the ALJ's ultimate finding that Plaintiff does not have a severe mental disability that would prevent her from working. The ALJ's finding that Dr. Thom's opinion was inconsistent with his own treatment notes is a specific and legitimate reason for not relying on the doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ also noted that Plaintiff's daily activities do not support a finding of a mental disability because she takes care of her disabled husband and child, cooks, does housework, walks daily, grocery shops and attends church three times a week, pays her own bills, and reads. AR 28-29. Plaintiff argues that the ALJ cites records that reveal a far lower level of functioning than the ALJ found; however, some of the records are reports by Plaintiff (AR 109-15, 131-133), not that of a physician. The rest of the reports to which Plaintiff refers are physicians' assessments that do not tend to support her alleged lower functioning. AR 193-205, 216-21. Plaintiff reported to Dr. Thom that she stays in bed or rests all day, however the ALJ noted that at other times (AR 110, 112-13, 205, 220) Plaintiff reported doing more.

Plaintiff also argues that the ALJ did not appropriately consider the mental impairment procedures specified by SSA regulation 20 C.F.R § 416.920(a) (the five-step evaluation

ORDER - 6

procedure). Dkt. 15 at 11. The Court disagrees.  The ALJ precisely followed the five step evaluation process, and discussing Plaintiff's activities of daily living (taking care of herself, her family, her house), her social activities (attending church several times a week), he did not find any evidence of serious concentration problems, and noted that Plaintiff had no history of mental illness.  AR 28.

Physical Impairment Evidence

Plaintiff argues the ALJ did not present sufficient reasons for rejecting the opinion of treating physicians Dr. Ortega and Dr. Santos that she has asthma.  Dr. Ortega prescribed inhalers and opined that the asthma, combined with other conditions, was severe enough to prevent her from working for thirty to ninety days while she was being treated.  AR 353.  Dr. Ortega also found Plaintiff capable of adequately caring for her child and that she was responding to treatment and therefore did not believe the asthma warranted pursing disability benefits.  AR  353.  In January 2004, Dr. Santos diagnosed Plaintiff with chronic sinusitis, chronic rhinitis, a nasal airway obstruction, septal deviation, turbinate hypertrophy and possible allergic diaphysis.  AR 170.  Dr. Santos prescribed a nasal spray and noted the option of endoscopic sinus surgery if symptoms persisted.  Plaintiff argues that she suffers from headaches, in part due to chronic sinusitis and rhinitis, however neither doctor found the asthma serious enough to prevent her from working longer than the twelve months required by SSA to receive benefits; Dr. Ortega noted 30 to 90 days and Dr. Santos did not note any.  Plaintiff points to no other evidence that bolsters her asthma argument.  Thus, the Court finds the ALJ's conclusion that Plaintiff's asthma was not severe because it was "under control with medication" based on substantial evidence in the record.  AR 26.

The ALJ found Plaintiff's foot problems were also not severe.  Dr. Knutson diagnosed Plaintiff with neuroma, equines, and plantar fasciitis.  AR 383-86.  Plaintiff argues that these foot problems significantly impact her ability to stand and walk consistent with a full range of light work.  The ALJ noted that although Plaintiff began receiving injections in her feet for heel pain, by September 2006, further injections were deferred and Dr. Knutson noted that she would gradually get used to wearing her custom foot orthotics.  AR 24, 381.  Further, the Court notes

the 2007 report indicates only mild osteoarthritis in Plaintiff's feet. AR 11. Accordingly, the Court finds the ALJ's conclusion that Plaintiff's foot problems were not sufficiently severe at step two is based on substantial evidence in the record.

Plaintiff also argues that she was treated for abdominal pain, chest pain, knee pain, numbness in her hands and feet, hypertension, ischemic heart disease and Meniere's disease, and points to a 2007 rheumatology report in support thereof. AR 11. Plaintiff argues the ALJ should have considered all of these impairments in combination in making the step two severity finding. As discussed above, the Court finds the ALJ fully and properly analyzed the conditions Plaintiff complains of, the corresponding evidence and medical opinions, and the effects they have on her ability to perform work, and finds no error.

In sum, the Court finds the ALJ's assessment of all of the mental and physical evidence is based on substantial evidence and therefore not in error.

### B.  *The ALJ did not err in assessing Plaintiff's credibility.*

Plaintiff asserts the ALJ improperly rejected her testimony that her medical impairments prevent her from working. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *Thomas*, 278 F.3d at 958-59. In finding a claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently specific findings, supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. "We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). In this case the ALJ found Plaintiff's range of activities "incompatible with the presence

of a disabling level of pain." AR 28. The ALJ again noted that Plaintiff's activities include caring for her disabled husband and eight-year-old child, performing household activities, preparing simple meals, walking daily, grocery shopping, paying her own bills, reading, and attending church services three times a week. AR 28-29. The ALJ noted that although Plaintiff indicated that her activities have now become quite limited, the record does not provide evidence of an ongoing or worsening condition that would reduce her functioning, and noted that Plaintiff has not sought intense, ongoing treatment to help reduce her symptoms. AR 29. Also with respect to the pain complaints the ALJ found, "[t]here is also a lack of medical documentation of an impairment which would cause extreme pain or pain which would compromise the claimant's ability to perform work-related activities." *Id.* The ALJ concluded that the level of medication Plaintiff takes and her daily activities suggest that her symptoms are sufficiently controlled to enable her to perform light work, and that because none of her doctors imposed restrictions on her daily activities, her allegation that she is unable to work is not credible. *Id.*

Plaintiff argues that "[f]aulting a claimant for not seeking treatment that she knew she could not obtain is not a clear or convincing reason for rejecting her testimony." Dkt. 18 at 7. While this may be true, Plaintiff does not argue that she needed additional or more intensive treatment or that she was unable to obtain such treatment. The amount of treatment obtained is an indicator of the intensity and persistence of symptoms (20 C.F.R. § 416.929(c)(3)), and a lack of consistent treatment is a reason to discredit pain testimony. *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). The Court finds that the ALJ properly determined, based on the totality of the evidence in the record, that Plaintiff's subjective allegations were less than credible. The ALJ's credibility assessment is supported by clear and convincing reasons, based on substantial evidence, and free of legal error. *See Green v. Heckler*, 803 F.2d 528, 532 (9th Cir. 1986) (stating that ALJ's credibility determinations are entitled to "great deference"); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (stating that ALJ's role is to judge credibility of claimant).

///

*C.     The ALJ did not err in assessing Plaintiff's residual functional capacity.*

Plaintiff asserts that the ALJ erred in assessing her RFC because she argues the ALJ did not appropriately account for her difficulty standing, walking, sitting, lifting, and sustaining activities, and her inability to work around certain allergens or hazards, or her memory problems. Dkt. 15 at 17. The ALJ found that Plaintiff has the residual functional capacity to perform a full range of light work. AR 29-30. Plaintiff argues that the ALJ improperly evaluated the medical and psychological evidence and that the RFC determination was consequently in error. The Court does not agree. As discussed above, the Court finds the ALJ did not err in evaluating the medical and psychological evidence that Plaintiff disputes; therefore, a residual functional capacity assessment accurately based on those evaluations is also not in error. The ALJ rejected certain medical opinions and the degree of alleged limitation based on Plaintiff's subjective complaints; therefore, it was not error to exclude them in the RFC determination.

*D.     The ALJ did not err in finding Plaintiff could perform her past work.*

Plaintiff initially argued the ALJ's finding that she could perform her past work is in error because her past work is "semi-skilled" yet the ALJ found her capable of performing unskilled work. Dkt. 15 at 17-18. However, in Plaintiff's reply brief, she concedes that the ALJ did not include a specific limitation in to unskilled work, but argues the limitation was implicit in the body of the ALJ's written decision. Dkt. 18 at 8. The ALJ found that Plaintiff has the residual functional capacity to perform the full range of light work, including her past work. AR 29-30. Although at one point the ALJ also discusses Plaintiff's ability to perform the mental demands of unskilled work, he concludes that she is further capable of performing light work including her past work as a warehouse worker and records keeper (order clerk). AR 31. The vocational expert did not testify that these positions are classified as semi-skilled jobs, only that they are classified at the light exertional level. AR 440.

Plaintiff also argues the ALJ did not make sufficient factual findings regarding her past work and her ability to perform it. The Court does not agree. The ALJ elicited vocational expert testimony regarding her past work. The vocational expert testified that based on Plaintiff's description of the past work she performed as a cleaner, laborer, and as a tool crib attendant, the

strength levels of the jobs range from sedentary to medium as classified in the Dictionary of Occupational Titles. AR 440. The ALJ appropriately used a vocational expert to determine the type of work Plaintiff performed, and whether she could now perform this past work based on her RFC and limitations he determined applicable. Where the ALJ's findings are based upon substantial evidence in the record, the Commissioner's decision to deny benefits will not be reversed. *Bayliss*, 427 F.3d at 1214.

Because Plaintiff believes the ALJ erred in finding she is capable of performing her past work, she also asserts the ALJ erred in not reaching step five of the sequential evaluation. Dkt. 18 at 9. If Plaintiff is unable to perform her past relevant work, step five requires the ALJ to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). In this case, the ALJ did not err at steps one through four and in concluding Plaintiff is able to perform her past work; therefore, the ALJ was not required to reach step five of the analysis.

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED and the case DISMISSED.

DATED this 27th day of October 2008.

Carolyn R. Dimmick
United States District Judge

ORDER - 11